IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID SYLVESTER LOGAN, Inmate #882631,
     Plaintiff,

vs.                                                       Case No. 5:08cv359/SPM/EMT

WALTER A. McNEIL, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections (DOC), proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed in forma pauperis (Docs. 1, 2).

Plaintiff names three Defendants in this action:  Walter A. McNeil, Secretary of the DOC; Miss French, a classification officer at Holmes Correctional Institution; and Mr. L. Hall, Assistant Warden of Holmes Correctional Institution (Doc. 1 at 1, 2).  Plaintiff states he was sentenced on January 8, 1993, to fifteen (15) years of imprisonment, with a three-year minimum mandatory and pre-sentence jail credit of 250 days (*id.* at 5–6).  He states he was made to "work" for three years in the DOC without receiving credit on his sentence for gain time (*id.*).  He states he filed informal grievances regarding this issue, but Defendant French denied them (*id.*).  He appealed the grievances to Defendants Hall and McNeil, but they denied his appeals (*id.*).  Plaintiff claims that Defendants' refusal to credit his sentence with gain time violates the Eighth Amendment prohibition against cruel and unusual punishment, as well as the Due Process Clause and the Equal Protection Clause (*id.* at 5–7).  As relief, Plaintiff seeks millions of dollars in compensatory and punitive damages (*id.* at 7).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice of three cases previously filed by Plaintiff in the federal courts:  (1) Logan v. Ford, Case No. 3:99cv319-LAC (N.D. Fla. Feb. 7, 2000); Logan v. Austin, et al., Case No. 3:99cv421-LAC (N.D. Fla. Nov. 2, 1999), and Logan v. Moore, et al., No. 3:99cv431-LAC (N.D. Fla. Feb. 25, 2000).[1]  Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution.  Additionally, each case was dismissed by the district court on the ground that it was malicious or failed to state a claim upon which relief may be granted.  *See* Logan v. Ford, Case No. 3:99cv319-LAC (N.D. Fla. Feb. 7, 2000) (dismissing section 1983 action for failure to state a claim); Logan v. Austin, et al., Case No. 3:99cv421-LAC (N.D. Fla. Nov. 2, 1999) (dismissing section 1983 action as malicious for abuse of judicial process); Logan v. Moore, et al., No. 3:99cv431-LAC (N.D. Fla. Feb. 25, 2000) (dismissing section 1983 action for failure to state a claim).

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 19159(g).  Moreover, the facts alleged by Plaintiff do not show that he is suffering any ongoing serious physical injury, nor do they allege a likelihood of imminent serious physical injury.  Because the facts do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit,

---

[1] The inmate number of the plaintiffs in these cases, #882631, is the same as Plaintiff's inmate number (*see* Doc. 1 at 1).

and failure to do so warrants dismissal without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2.      That all pending motions be **DENIED as moot**.

At Pensacola, Florida, this 23<u>rd</u> day of December 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**